UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

K.S., by her guardian ad litem,
Kenneth L. Isserlis, DOROTHY
SPIOTTA and PAUL SPIOTTA,,

             Plaintiffs,

       v.

AMBASSADOR PROGRAMS, INC., et
al.,

             Defendants.

No. CV-08-243-FVS

ORDER DENYING MOTIONS AS
PREMATURE

**THIS MATTER** comes before the Court without oral argument.  K.S.,
Dorothy Spiotta, and Paul Spiotta are represented by Timothy K. Ford
and Katherine C. Chamberlain.  Kenneth Isserlis is the guardian ad
litem for K.S.  Defendants Ambassador Programs, Inc., and Ambassadors
Group, Inc., are represented by Brian T. Rekofke, Jerry S. Phillips,
and Geana M. Van Dessel.  Defendant People to People International
Inc. is represented by James B. King.

    **BACKGROUND**

    K.S. is the minor daughter of Dorothy and Paul Spiotta.  The
Spiottas live in the State of Virginia.  During the Fall of 2005, they
learned about a study-abroad program in Australia.  K.S. applied to
participate.  Her application was submitted electronically.  She may
have submitted it herself, or her father may have submitted it on her
behalf.  The record is unclear.  In any event, the application stated

ORDER - 1

in part:

> The venue for any disputes regarding this agreement or the program shall be Superior Court of Spokane County, Spokane, Washington.  This agreement shall be construed in accordance with the laws of the state of Washington.

K.S. left for Australia on July 25, 2006.  She returned on August 13th.  According to her parents, she had lost 19 pounds and was dangerously malnourished by the time she returned.  On August 14th, she was hospitalized.  During the course of the next five months, she spent about seven weeks in a hospital.  On July 24, 2008, K.S. and her parents ("the plaintiffs") filed an action against Ambassador Programs, Inc., Ambassadors Group, Inc., and People to People International.  The first two defendants are Delaware corporations whose principal place of business is in Spokane, Washington.  The third defendant is a Missouri corporation.  The location of its principal place of business is unclear.  By agreement of the parties, the plaintiffs filed a "Second Amended Complaint for Damages" on October 29, 2008.  They allege negligence, fraud, violation of a consumer protection act, and breach of contract.  They seek in excess of $75,000.00 in damages.  The Court has original jurisdiction over the subject matter of the action based upon diversity of citizenship. 28 U.S.C. § 1332.

**CHOICE OF LAW**

"Federal courts sitting in diversity look to the law of the forum state when making choice of law determinations." *Hoffman v. Citibank, N.A.*, 546 F.3d 1078, 1082 (9th Cir.2008) (*per curiam*).  The existence of a choice-of-law clause does not change the analysis.  *See, e.g.,*

*Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 937 (9th Cir.2001).[1]

### A. Actual Conflict

Under the State of Washington's choice-of-law rules, the first issue is whether an actual conflict exists between the laws of the States of Washington and Virginia. *Erwin v. Cotter Health Centers*, 161 Wn.2d 676, 692, 167 P.3d 1112 (2007). Absent an actual conflict, local law applies. *Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 100-01, 864 P.2d 937 (1994). The defendants deny that a conflict exists. In essence, they submit the plaintiffs must demonstrate the following in order to establish the existence of a conflict: (1) that they have pled claims that are based expressly upon Virginia law, (2) that they have pled facts that support the relief they are seeking under Virginia law, and (3) that, given the facts they have pled, they are not entitled to the same relief under Washington law. As the defendants see it, not only have the plaintiffs failed to plead claims that are based expressly upon Virginia law, but also they have failed to allege facts that support the relief they are seeking. It follows, say the defendants, that a conflict cannot exist. Needless to say, the plaintiffs disagree. However, instead of attempting to show that the SAC adequately pleads Virginia law, they filed a motion on February 20, 2009, seeking leave to file a "Third Amended Complaint

---

[1]A different rule applies when a federal court is sitting in admiralty. *Aqua-Marine Constructors, Inc. v. Banks*, 110 F.3d 663, 670 (9th Cir.1997), *cert. denied*, 522 U.S. 933, 118 S.Ct. 339, 139 L.Ed.2d 263 (1997).

ORDER - 3

for Damages."  In view of this development, the Court will defer
ruling with respect to whether an actual conflict exists until after
it decides whether to permit the amendment sought by the plaintiffs.

B. Choice-of-Law Clause

K.S. and/or her parents allegedly entered into an agreement with
the sponsor of the study-abroad program.  The alleged agreement states
in part:

> The venue for any disputes regarding this agreement or the
> program shall be Superior Court of Spokane County, Spokane,
> Washington.  This agreement shall be construed in accordance
> with the laws of the state of Washington.

The preceding language raises several issues.  One is whether K.S., as
opposed to her father, is bound by the choice-of-law clause.  *Cf.*
*Oltman v. Holland America Line USA, Inc.*, 163 Wn.2d 236, 250, 178 P.3d
981 ("A forum selection clause is not binding on a third party who did
not agree to the contract in which the clause is found."), *cert.*
*denied*, --- U.S. ----, 129 S.Ct. 24, 171 L.Ed.2d 927 (2008); *Scott v.*
*Pacific West Mt. Resort*, 119 Wn.2d 484, 495, 834 P.2d 6 (1992) ("to
the extent a parent's release of a third party's liability for
negligence purports to bar a child's own cause of action, it violates
public policy and is unenforceable").[2]  A second issue is whether the
choice-of-law clause is effective.  *See, e.g., Erwin*, 161 Wn.2d at
693-700.  A third issue is whether the parties intended the choice-of-
law clause to cover non-contract claims.  *Hearst Communications, Inc.*

---

[2]Neither of the above-cited cases is on point.  They may or
may not provide useful guidance.  They are cited solely to
indicate that an issue exists.

ORDER - 4

*v. Seattle Times Co.*, 154 Wn.2d 493, 503, 115 P.3d 262 (2005) (Washington courts "attempt to determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties"). If the parties intended to limit the choice-of-law clause to contract claims, then the choice-of-law clause may not govern the plaintiffs' non-contract claims. *See Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d 107, 159, 744 P.2d 1032, 750 P.2d 254 (1987) ("Although a choice of law provision in a contract does not govern tort claims arising out of the contract, it may be considered as an element in the most significant relationship test used in tort cases."). At this point, the record is insufficiently well developed to permit the Court to resolve the issues described above. After the parties have had an adequate opportunity to conduct discovery, they may move for summary judgment. At that point, they will be in a better position to discuss whether K.S. is bound by the choice-of-law clause, whether it is effective, and whether the parties intended the choice-of-law clause to govern non-contract claims. If it turns out that K.S. is bound by the clause and that it is effective, but that it does not govern non-contract claims, then the parties will need to discuss whether, under Washington's choice-of-law rules, the plaintiffs' non-contract claims are governed by local or foreign law.

**CONSUMER PROTECTION ACT**

The "Third Claim for Relief" in the SAC is entitled "*Violation of the Consumer Protection Act*." (Emphasis in SAC.) Defendants Ambassador Programs, Inc., and Ambassadors Group, Inc., assume the

ORDER - 5

plaintiffs' consumer-protection-act claim is based upon Washington law.  They seek a ruling that K.S. may not recover damages for personal injury or emotional distress under Washington's Consumer Protection Act.  Chapter 19.86 RCW.  The plaintiffs object.  To begin with, they argue that the defendants are relying upon information outside the pleadings.  Thus, in the plaintiffs' opinion, the defendants' motion is a thinly-disguised summary judgment motion.  In the plaintiffs' opinion, the improper designation is significant. Were the motion properly designated, say the plaintiffs, they likely would ask the Court to refrain from ruling until they have had a reasonable opportunity to conduct discovery.  Fed.R.Civ.P. 56(f). There is a second reason why the plaintiffs object to the defendants' motion.  According to the plaintiffs, it is based upon an unwarranted assumption.  They insist (*pace* the defendants) that their consumer-protection-act claim is not based upon Washington law.  To the contrary, they argue that it is based upon Virginia law.  They further argue that, under Virginia law, they are entitled to seek damages for physical pain and emotional distress.  Resolution of the parties' competing contentions must await another day.  The threshold issue is whether their consumer-protection-act claim is governed by Virginia law or Washington law.  Until that issue is resolved, the defendants' motion to limit K.S.'s damages is premature.

**IT IS HEREBY ORDERED:**

1. "Defendants' Motion to Strike" (**Ct. Rec. 37**) is denied as premature with leave to refile.

2. "Ambassador Defendants' Motion to Dismiss" (**Ct. Rec. 46**) is

ORDER – 6

denied as premature with leave to refile.

**IT IS SO ORDERED.**   The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___27th___ day of February, 2009.

                    ___s/Fred Van Sickle___
                         Fred Van Sickle
                Senior United States District Judge

ORDER - 7