UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| K.S., by her guardian ad litem Kenneth L. Isserlis, and DOROTHY SPIOTTA and PAUL SPIOTTA, <br><br> Plaintiffs, <br><br> -vs- <br><br> AMBASSADOR PROGRAMS, INC., AMBASSADORS GROUP, INC., and PEOPLE TO PEOPLE INTERNATIONAL, <br><br> Defendants. | NO. CV-08-243-RMP <br><br> ORDER AFFIRMING FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFFS' MOTION TO COMPEL, AND DENYING DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER AND MOTION TO EXPEDITE |
|---|---|

Before the Court are Plaintiffs' Motion to Compel Agreements (Ct. Rec. 100), Defendants' Joint Motion for Protective Order (Ct. Rec. 122), and Defendants' Motion to Expedite Hearing on Defendants' Joint Motion for Protective Order (Ct. Rec. 126).

The Court reviewed Plaintiffs' Motion to Compel Agreements (Ct. Rec. 100) and supporting memorandum (Ct. Rec. 101), declaration and exhibits (Ct. Rec. 102), Defendants' Joint Motion for Protective Order (Ct. Rec. 122) and supporting memorandum (Ct. Rec. 128), declarations and exhibit (Ct. Rec. 123, Ct. Rec. 124). The Court referred the motions to the Honorable James P. Hutton for a Report and Recommendation (Ct. Rec. 143).

The Court now has reviewed the Findings and Recommendations of the Honorable James P. Hutton (Ct. Rec. 159), Defendants' objections to the Recommendations (Ct.

ORDER - 1

Rec. 170), and Plaintiffs' response to those objections (Ct. Rec. 177), as well as the remaining file and pleadings. Defendants argue that Judge Hutton mistakenly relied on the trade secrets "compelling reason" standard for evaluating whether Ambassador's information should be protected from public view. Plaintiffs respond that Judge Hutton applied the correct standards for determining whether documents should be shielded from public access.

The district court affirms the determination of a United States Magistrate Judge unless that determination is clearly erroneous or contrary to law. LMR 3(b).

Rule 26(c) provides the basis for protective orders and states, in relevant part:

Upon motion by a party or by a person from whom discovery is sought . . . and **for good cause** shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(7) that a **trade secret or other confidential** research, development, **or commercial information** not be revealed or be revealed only in a designated way . . . .

Fed. R. Civ. P. 26(c), 26(c)(7) (emphasis added).

Courts applying rule 26(c) distinguish between discovery materials attached to nondispositive motions and materials attached to dispositive motions. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir.2006). Good cause is not enough to rebut the presumption of public access when "documents subject to a protective order are filed under seal as attachments to a dispositive motion." *Foltz v. State Farm*, 331 F.3d 1122, 1136 (9th Cir.2003). There, the court applies the heightened "compelling reasons" standard in deciding whether to shield a document from public record. *Foltz*, 331 F.3d at 1136; *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995). The court should consider all relevant factors in making the compelling reason finding, including "the public interest in understanding the judicial process and whether disclosure of the

material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets . . . ." *Hagestad*, 49 F.3d at 1434.

Judge Hutton set out both the good cause standard and the compelling reasons standard in his analysis. He made findings that Defendants do not challenge. He found that the agreements contain some material that could damage Defendants' competitiveness in the market. He further concluded that Defendants themselves revealed most of the material, with the exception of royalty fee arrangements in their Annual Report and elsewhere. Judge Hutton recommended redaction of Paragraph 6.B. of the General Contract and redaction of references to specific student or adult fee amounts or volumes in the deposition transcripts of Mary Eisenhower or Jeffrey Thomas. Such redactions would protect Defendants from any damage resulting from disclosure, regardless of whether the disputed agreements and deposition transcripts are submitted in support of dispositive or nondispositive motions.

The Court finds that Judge Hutton's determinations are not clearly erroneous or contrary to law. Therefore, the Court affirms Judge Hutton's findings and conclusion that Defendants have not made a showing sufficient to meet either the good cause or compelling reason standard to shield the disputed material from the public, with the exceptions of the material to be redacted (*See* Ct. Rec. 159, p. 11).

Accordingly,

**IT IS ORDERED** that:

1. The Findings and Recommendations (Ct. Rec. 159) filed December 12, 2009, is **AFFIRMED** and **ADOPTED** in its entirety and incorporated by reference as a part of this order;

2. Plaintiffs' Motion to Compel Agreements (Ct. Rec. 100) is **GRANTED in part and DENIED in part**, subject to the limitation that Paragraph 6.B. of the General Contract should be redacted in its entirety before any public filing with the court. In

ORDER - 3

addition, any reference to specific student or adult fee amounts or volumes should be redacted from the depositions of Mary Eisenhower and Jeffrey Thomas before public filing with the court. Subject to these limitations, the parties may use and file the redacted agreements and related deposition testimony without further restriction in this litigation;

3. Defendants' Motion for Protective Order (Ct. Rec. 122) is **GRANTED in part and DENIED in part**, subject to the redactions and limitations stated in this order;

4. Defendants' Motion to Expedite Hearing on Defendants' Joint Motion for Protective Order (Ct. Rec. 126) is **DENIED** as moot;

5. The District Court Executive is directed to file this Order and provide copies to counsel for all parties and to Judge James P. Hutton.

**DATED** this 18th day of February, 2010.

                      *s/ Rosanna Malouf Peterson*
                      ROSANNA MALOUF PETERSON
                      UNITED STATES DISTRICT JUDGE