UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

K.S. by her guardian ad litem, Kenneth L. Isserlis, and DOROTHY SPIOTTA and PAUL SPIOTTA,

    Plaintiffs,

v.

AMBASSADOR PROGRAMS, INC.; AMBASSADOR GROUP INC.; and PEOPLE TO PEOPLE INTERNATIONAL,

    Defendants.

NO. CV-08-243-RMP

ORDER DENYING DEFENDANTS' MOTION TO VACATE

Before the Court is Defendants' Motion to Vacate the Court's Order Granting Plaintiff's Motion to Compel and Defendant's Motion to Enlarge Time to Comply with the Court's Order (Ct. Rec. 280). The Court entered the underlying Order to Compel Discovery (Ct. Rec. 271) on March 16, 2010, noting that Defendants had not filed a responsive memorandum to Plaintiffs' motion to compel. In the Motion to Vacate, Defendants argue that the failure to file a responsive memorandum opposing Plaintiff's Motion to Compel was inadvertent error and the result of an assumption that the continued good faith negotiations between opposing counsel regarding the underlying discovery issues were mooting the motion to compel. Defendants urge the Court to vacate the order, pursuant to Fed. R. Civ. P. 60(b)(6) and contend that the only discovery issues that remain at the time of the filing of Defendants' Motion to Vacate are requests for

ORDER DENYING DEFENDANTS' MOTION TO VACATE ~ 1

production #58 and #59.

Plaintiffs oppose Defendants' Motion to Vacate and contend that Fed. R. Civ. P. 60(b)(6) does not apply to orders compelling discovery because that rule is part of the "Judgment" section of the civil rules (Ct. Rec. 289 at 5). In addition, Plaintiffs contend that although there were ongoing discussions in an attempt to resolve the outstanding discovery disputes without involving the Court, Plaintiffs notified Defendants on February 2, 2010, that several issues had not been resolved and that Plaintiffs would not object to Defendants filing a responsive memorandum to Plaintiffs' Motion to Compel on February 2 or 3, despite the fact that Defendants' filing due date pursuant to LR 7.1 would have been February 1, 2010 (Ct. Rec. 289 at 2). Plaintiffs further contend that by February 16, 2010, the parties had reached an impasse in resolving the remaining discovery issues that formed the basis of Plaintiffs' Motion to Compel (Ct. Rec. 289 at 2).

In its March 16, 2010, Order Granting Plaintiffs' Motion to Compel, the Court directed Defendants to produce the ordered discovery within five days of the date of the order (Ct. Rec. 271). Defendants filed the Motion to Vacate the Order on March 22, 2010 (Ct. Rec. 280).

## Applicable Law

Defendants contend that the Court has the authority to vacate the order under Fed. R. Civ. P. 60(b)(6) (Ct. Rec. 281 at 4). Plaintiffs contend that Rule 60 applies only to final orders and judgments (Ct. Rec. 289 at 5). Assuming, *arguendo*, that Federal Rule of Civil Procedure 60(b)(6) applies to orders compelling discovery rather than exclusively to final orders or judgments, Rule 60(b) provides that on "motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

ORDER DENYING DEFENDANTS' MOTION TO VACATE ~ 2

    (1) mistake, inadvertence, surprise, or excusable neglect;

    * * *

    (6) any reason that justifies relief."

Fed. R. Civ. P. 60(b).

    The case law in the Ninth Circuit focuses on Rule 60(b) as applied to final judgments and orders. *See e.g., Lemoge v. U.S., 587 F.3d 1188, 1191-92 (9th Cir. 2009)(citing Pionner Inv. Servs. Co. V. Brunswick Assocs. Lts., 507 U.S. 380, 394 (1993); Bateman v. U.S. Postal Serv., 231 F.3d 1220 (9th Cir. 2000).* In those cases, the Ninth Circuit has identified four factors to consider when determining whether neglect is excusable, including "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S.Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000)(involving counsel's failure to file a response to a summary judgment motion).*

    Applying the four factors to this case, the Court finds that vacating its previous order compelling discovery is not justified under Fed. R. Civ. P. 60(b). Plaintiffs and Defendants have supplied extensive correspondence indicating that negotiations regarding these discovery requests have continued from January, 2009, through the present time. (See Exhibits to Ct. Rec. 282, 288, and 296.) Despite those extensive negotiations, there remain pending discovery requests. The discovery cut-off is April 5, 2010; dispositive motions are due April 12, 2010; and trial is scheduled to begin on August 2, 2010. The discovery needs to be produced as soon as possible. Prejudice to the Plaintiffs may increase with each day's delay in production, because the delay limits Plaintiffs' ability to file dispositive motions or conduct additional discovery that may be needed.

ORDER DENYING DEFENDANTS' MOTION TO VACATE ~ 3

Therefore, even if Federal Rule of Civil Procedure 60(b) applies to an order compelling discovery, the Court finds that vacating its previous Order is not justified under these circumstances.  This discovery dispute has continued for over one year.  During that time, Defendants had ample opportunity to resolve these discovery issues in a timely manner or seek appropriate protections for material that was to be produced.

Alternatively, the Court analyzed Defendants' Motion to Vacate as a Motion for Reconsideration.  The Ninth Circuit has held that reconsideration of orders, such as summary judgment orders, could be appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J, Multnomah County, Or, v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).   The court noted in that case that "failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *Id.*

For the same reasons discussed under the Rule 60 analysis, the Court finds that Defendants' arguments and supporting evidence do not reach the level that is required by case law to either vacate an order or require reconsideration.

Therefore, **IT IS SO ORDERED**:

1. Defendants' Motion to Vacate and for the Court's Order Granting Plaintiffs' Motion to Compel and Enlarge Time to Comply with the Court's Order (**Ct. Rec. 280**) is **DENIED**;

2. Defendants are ordered to comply with this Court's previous Order (Ct. Rec. 271) to produce the requested discovery within forty-eight hours of this Order.

The District Court Executive is hereby directed to file this Order and

ORDER DENYING DEFENDANTS' MOTION TO VACATE ~ 4

provide copies to counsel.

**DATED** this 5th day of April, 2010

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Court Judge

ORDER DENYING DEFENDANTS' MOTION TO VACATE ~ 5