UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

K.S. by her guardian ad litem, Kenneth L. Isserlis, and DOROTHY SPIOTTA and PAUL SPIOTTA,

Plaintiffs,

v.

AMBASSADOR PROGRAMS, INC.; AMBASSADOR GROUP INC.; and PEOPLE TO PEOPLE INTERNATIONAL,

Defendants.

NO. CV-08-243-RMP

ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

## I. Introduction

Before the Court is Defendants' Motion for Protective Order (Ct. Rec. 223). The Court has considered Defendants' Motion, Defendant's Memorandum in Support (Ct. Rec. 224), Supporting Declaration and Exhibits (Ct. Rec. 225), Plaintiffs' Response Memorandum (Ct. Rec. 251) and Supporting Declaration and Exhibits (Ct. Rec. 252), and Defendants' Reply Memorandum (Ct. Rec. 275) and Supporting Declaration (Ct. Rec. 276), and the remaining pleadings and file in this case.

## II. Background

The factual background of this case is fully articulated in previous orders. In the pending motion for a protective order, Defendants object to Plaintiffs' Notice of Deposition of Rule 30(b)(6) Designee of Ambassador Programs, Inc.

ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 1

and Ambassadors Group, Inc. Re: Leaders (Ct. Rec. 225-1). Plaintiffs are pursuing claims of both negligence and fraud, as well as Consumer Protection Act and breach of contract claims (Ct. Rec. 75). Plaintiffs base their claims in part on allegations that Defendants have failed to supervise the employees or "leaders" who are responsible for protecting and supervising the children's health and safety on trips, such as the one in which Plaintiff K.S. participated (Ct. Rec. 75). In this motion, Defendants object to Plaintiffs' deposition notice to question Ambassador employees about whether Ambassador previously has disciplined Ambassador leaders and if so, what the nature of the discipline was. Plaintiffs argue that such discovery is directly relevant to whether Ambassador appropriately supervised and disciplined its leaders (Ct. Rec. 251 at 3). Plaintiffs contend that this discovery is evidence of past and future conduct and practices and, as such, relates to possible consumer protection claims and fraud claims to prove that Ambassadors' claims in its promotional materials are inaccurate (Ct. Rec. 251 at 3-5). In addition, Plaintiffs contend, and Defendants concede, that this information may be relevant for determining damages, including assessing any comparative fault.

### III. Applicable Law

*A.    Fed. R. Civ. P. 26(b)*

The Federal Rules of Civil Procedure permit liberal discovery of relevant information. *See* Fed. R. Civ. P. 26(b)(1); *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). The discovery request need only "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) is to be construed broadly, and encompasses any matter that bears on, or that reasonably could lead to other matters that would bear on, any issue that is or may be in the case. *See, e.g., Oppenheimer Fund, Inc. v.*

ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 2

*Sanders*, 437 U.S. 340, 351, 351 n. 12 (1978).

However, the court should limit the scope of discovery under certain circumstances:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed, by these rules or by local rule if it determines that;
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C).

B. *Fed. R. Civ. P. 30(b)(6) Depositions*

Pursuant to Fed. R. Civ. P. 30(b)(6), a party may serve notice on an organization that describes "with reasonable particularity the matters on which examination is requested." The noticed organization must then "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). "The persons so designated shall testify as to the matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

Although there is conflicting case law from other circuits on the proper scope of a Rule 30(b)(6) deposition in light of its "reasonable particularity" requirement, districts in the Ninth Circuit have concluded that "[o]nce the witness satisfies the minimum standard [for serving as a designated witness], the scope of the deposition is determined solely by relevance under Rule 26, that is, that the

ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 3

evidence sought may lead to the discovery of admissible evidence." *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 367 (N.D.Ca.2000); *see also U.S. E.E.O.V. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 432 (D. Nev.2006).

C.   *Protective Orders*

Rule 26(c) provides the basis for protective orders and states in relevant part:

> Upon motion by a party or by a person from whom discovery is sought . . . and **for good cause** shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> . . .
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery.

Fed. R. Civ. P. 26(c)(1), 26(c)(1)(D).

## IV. Discussion

Plaintiffs argue that their negligence, fraud, violation of Consumer Protection Act laws, and breach of contract claims require expanded discovery beyond Defendants' actions involving the 2006 trip to Australia in which Plaintiff K.S. participated. In particular, Plaintiffs contend that Defendants fail to properly instruct leaders of trips who are responsible for supervision of the program's young clients during the clients' travel to foreign countries. Plaintiffs are not limiting their claims or the basis of their claims to one specific trip, but rather are arguing that Defendants systemically fail to adequately supervise minor children traveling abroad and systemically fail to discipline leaders when they fail to provide adequate supervision. To support their claims and the theory of their case, Plaintiffs need to conduct discovery on a wider basis than just the 2006 Australia trip. *See, e.g., Lambert v. Downtown Garage, Inc.*, 262 Va. 707, 712,

ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 4

553 S.E.2d 714 (2001) (Virginia law requires a showing of a false statement of an existing fact to support fraud and Consumer Protection Act claims); *McCary v. Commonwealth*, 42 Va.App. 119, 129, 590 S.E.2d 110, 115 (2003) (fraudulent intent may be established from a pattern of conduct under Virginia law); *Mason v. Mortgage America, Inc.*, 114 Wn.2d 842, 853, 792 P.2d 142 (1990) (under Washington law, Consumer Protection Act claim requires showing a "pattern or generalized course of conduct" and "a real and substantial potential for repetition of defendant's conduct").

Defendants' main objection is that responding to Plaintiffs' requests or preparing Ambassador employees for deposition regarding past disciplinary actions against leaders or occasions when leaders were not invited to return for future trips is overly burdensome, because their computer system does not provide a method of searching the files for all past leaders at the same time.

However, under Federal Rule of Civil Procedure 26, the Plaintiffs have the right to request discovery to prove their case, even to gain access to evidence that, although itself inadmissible, "is reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Defendants, as the party resisting discovery, bear the burden of clarifying, explaining, and supporting its objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975). In order to demonstrate good cause, a party seeking a protective order "bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

As the parties admit, and as the exhibits submitted in support of the parties' positions in this motion support, Plaintiffs repeatedly requested discovery relating to Defendants' training and disciplinary actions of leaders in a variety of

ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 5

discovery requests. Each time, Defendants refused to respond and filed objections instead. In this motion, Defendants sought a protective order for the depositions on the day that the depositions were scheduled to take place, which was also the last day of the discovery period before discovery cut-off.

The Court weighs the inconvenience for the Defendants of preparing its employees to respond in the requested depositions with the Plaintiffs' interest in disclosure and Plaintiffs' repeated, and varied, attempts to obtain the discovery. Fed. R. Civ. P. 26(b)(2)(C). The Court finds that none of the Rule 26(b)(2) factors support the need of a protective order in this case. Given that the information sought is highly relevant to the Plaintiffs' case and only available through the Defendants and the Defendants have not demonstrated that there is any other way for Plaintiffs to obtain this discovery or that preparing their employees for depositions is unduly burdensome, the balance of factors weighs in favor of the Plaintiffs's access to the requested discovery.

V. **Award of Expenses**

Plaintiffs request sanctions under Fed. R. Civ. P. 26(c)(3). Rule 26(c)(3) provides that another of the federal civil rules, Fed. R. Civ. P. 37(a)(5), applies to awards of expenses in relation to bringing or defending against a motion for protective order. Fed. R. Civ. P. 37(a)(5)(A) requires the Court to award the Plaintiffs their reasonable expenses, including attorney's fees, incurred in defending against the Defendants' protective order motion, unless the following circumstances are present:

 (i) the movant filed the motion before attempting in good faith to obtain the disclosure of discovery without court action;

 (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 6

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(C).

Finding none of these exceptions present, the Court awards reasonable expenses and attorney's fees pursuant to Fed. R. Civ. P. 26(c)(3) and Fed. R. Civ. P. 37(a)(5). The Court further finds that Fed. R. Civ. P. 30(d)(2) authorizes the Court to impose a sanction of reasonable expenses and attorney's fees "on a person who impedes, delays, or frustrates the fair examination of the deponent." Defendants' filing the present motion for a protective order on the very day that the depositions were scheduled to occur impeded, delayed, and frustrated the Plaintiffs' ability to depose the witnesses. Therefore, the Court finds that an award of Plaintiffs' reasonable expenses and attorney's fees is appropriate. Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Protective Order (**Ct. Rec. 223**) is **DENIED**;
2. Defendants will comply with Plaintiffs' Second Amended Notice of Deposition of Rule 30(b)(6) Designee of Ambassador Program, Inc. and Ambassadors Group, Inc. Re: Leaders;
3. The discovery cut-off deadline is extended solely for purposes of Plaintiffs to depose Defendants' employees pursuant to this Order;
4. The parties are directed to contact the Court during the depositions if any discovery disputes arise, and the Court will make itself available to resolve those disputes immediately;
5. Costs are awarded to Plaintiffs for defending this action pursuant to Fed. R. Civ. P. 26(c)(3) and Fed. R. Civ. P. 30(d)(2). Within ten days of the date of this order, Plaintiffs are to submit documentation related to the costs. Defendants may respond to Plaintiffs' submissions five days after Plaintiffs file the documentation with the

ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 7

Court.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 14th day of April, 2010.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Court Judge

ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 8