IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| K.S., by her interim guardians ad litem, et al., <br>     Plaintiffs, <br><br> v. <br><br> AMBASSADOR PROGRAMS INC., et al., <br>     Defendants. | No. 1:10cv439 |

## FINAL ORDER

This diversity personal injury action is before the Court for approval of a compromise settlement pursuant to Va. Code § 8.01-424. K.S., a minor who sued by her guardian *ad litem* Kenneth L. Isserlis, and K.S.'s parents, Dorothy Spiotta and Paul Spiotta (collectively "plaintiffs") brought this action against Ambassador Programs, Inc., Ambassadors Group, Inc., and People to People International, Inc. (collectively "defendants") for damages based on allegations of negligence, fraud, violation of the Virginia Consumer Protection Act (Va. Code § 59.1-200), and breach of contract. Because plaintiffs are citizens of Virginia and the three corporate defendants are citizens of states other than Virginia, and since the amount in controversy exceeds $75,000 exclusive of costs, there is no doubt that jurisdiction is appropriate in this matter.[1]

The essential facts may be succinctly stated. K.S.'s parents contracted with defendants to have K.S. participate in a People to People International program in Australia in the summer of

---

[1] *See also K.S. v. Ambassador Programs, Inc.*, No. CV-08-243 (E.D. Wash. April 27, 2010) (Order) (finding diversity jurisdiction appropriate).

2006. The principal claim in this case was that in the course of participating in the trip, K.S. suffered from an eating disorder, which plaintiffs allege that defendants failed to recognize, leading to an exacerbation of K.S.'s condition and to her eventual hospitalization following the trip. Because plaintiffs alleged that the hospitalization would not have been necessary had defendants timely recognized K.S.'s eating disorder, damages focused chiefly on K.S.'s injuries and the costs of K.S.'s medical treatment, including hospitalization, which costs were borne by her parents.

This action was originally filed in the Eastern District of Washington, Seattle Division, on July 24, 2008. After nearly two years in that district, the case was transferred to the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a). A jury trial was scheduled to commence at 10:00 a.m., Tuesday, August 17, 2010. On August 5, 2010, only twelve days prior to trial, the parties reached a settlement of all claims, thereby obviating the need for a trial.

As required by Va. Code § 8.01-424, a hearing was convened on Friday, August 13, 2010, for judicial review and approval of the settlement terms. The three plaintiffs were present in person, together with their local counsel, William Cummings, Esq. Defendants were represented by their counsel, William Mitchell, Esq., for Ambassador Programs and Ambassadors Group, and Collin Hite, Esq., for People to People International. Although K.S.'s guardian *ad litem*, Kenneth L. Isserlis, was not present in person, he filed under seal (Doc. No. 511) his report and recommendation in which he represented that he had reviewed the settlement terms prior to the hearing, found them reasonable as to K.S., and submitted his recommendations concerning disbursement of the funds allocated to K.S. The parties also submitted the terms of the settlement in advance of the hearing.

In the course of the hearing, the Court questioned the parties and their counsel concerning various aspects of the settlement, including the reasonableness of the overall amount. The parties were ordered to submit supplemental memoranda concerning whether the terms of the settlement should remain under seal given the requirement that court proceedings should ordinarily be open to the public. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). After questioning with regard to the fees arrangement between plaintiffs and their counsel, plaintiffs' counsel was further ordered to file a supplemental memorandum detailing their fees and fee arrangements in this case.

Based on the parties' submissions and counsel's representations made in the course of the hearing, and the guardian *ad litem*'s report and recommendations, and for the reasons that follow, the Court finds that the settlement is a fair and reasonable resolution of the case and in the best interests of the minor, and that the allocation of the settlement amount, including the attorney's fees, is reasonable.

### A. Gross Amount of the Settlement

The gross settlement in this case is $600,000, $240,000 of which shall be paid as attorney's fees, $66,887.19 to be reimbursed as costs,[2] and $6,524 to be paid to the plaintiffs' ERISA health insurance plan, netting $286,588.81 for the plaintiffs. This net settlement reasonably compensates the plaintiffs, given (i) that the costs of K.S.'s hospitalization and medical treatment totaled approximately $229,000, and (ii) that K.S., now 15 years old, is currently healthy and thriving without continuing physical injury from the events giving rise to

---

[2] Of this figure, $41,334.89 will be disbursed to plaintiffs' counsel and $25,553.30 will be disbursed to Dorothy and Paul Spiotta as reimbursement for the costs incurred by each.

3

this suit.

### B. Attorney's Fees

Ordinarily, a 40% attorney's fee in a personal injury matter would be excessive. In the circumstances of this case, however, such a fee is warranted and reasonable. First, the attorneys' arrangement with the plaintiffs called for a one-third contingency fee if the case were to be resolved more than thirty days before trial or a 40% contingency fee if resolved thereafter. The increased fee percentage reflects the increased cost required for counsel to prepare the case for trial. Second, plaintiffs' counsel, in compliance with the Order to file a supplemental memorandum detailing their fees, have represented that they spent more than $600,000 in fees, based on hourly rates in the range of $175 to $400 per hour for a total of more than 3,500 hours. These figures are reasonable in light of the complexity of this case and the length of time devoted thus far to the litigation. These factors—the reasonableness of the hourly rates, the total attorney time devoted to the case, and the reasonableness of the fee contract—point persuasively to the conclusion that the 40% fee ($240,000), while ordinarily excessive, is reasonable in the circumstances of this case.

### C. Allocation of Plaintiffs' Net Settlement

Of the $286,588.81 net settlement to plaintiffs, K.S.'s parents will share one third, or $95,529.60, and K.S. will receive the remaining two thirds, or $191,059.21. This allocation is reasonable because K.S.'s medical expenses were paid by K.S.'s parents, not K.S. herself. The apportionment is also intended to restore the family's financial stability, as the costs of K.S.'s medical care and the litigation have imposed a significant financial burden on K.S.'s parents. Additionally, $3,050 is appropriately disbursed from K.S.'s net settlement to compensate the

guardian *ad litem* for 20.3 hours of work at $150 per hour, which fee is reasonable.

### D. Conditions for the Net Settlement Funds While K.S. Is a Minor

K.S. is currently fifteen years old. The guardian *ad litem* has made several recommendations concerning the manner in which K.S.'s net settlement should be maintained and distributed until she reaches the age of majority. First, as the statute allows, K.S.'s net settlement proceeds will be held by her parents in a risk-free, fully insured bank account, money market account, or similar account in the names of Dorothy and Paul Spiotta for the benefit of K.S. Va. Code § 8.01-424. Second, the guardian *ad litem* reasonably recommends that these funds should be used only for the following expenses while K.S. is a minor, and only up to a maximum of the amounts specified: (i) $30,000 for private school tuition and supplies, (ii) $3,500 for school and church-related travel, (iii) $2,000 for musical instruments, and (iv) $7,000 for music lessons. Finally, Dorothy and Paul Spiotta must prepare a trust for K.S. should they die or become incapacitated before K.S. reaches the age of majority. These recommendations are reasonable under the circumstances and are adopted in this Order.

### E. Recommendations for the Net Settlement Funds After K.S. Reaches Majority

The guardian *ad litem* also made recommendations regarding the use of K.S.'s net settlement funds after she reaches the age of eighteen. Although these recommendations appear to be reasonable and sensible, it is unnecessary for the Court to approve or to impose these conditions given that it is not required by the statute. Nevertheless, nothing precludes the plaintiffs from entering into a private agreement setting forth these recommendations.[3]

---

[3] These recommendations are as follows:
    i.    That the remaining funds from K.S.'s net settlement remain in the bank or other

Accordingly, for the reasons stated herein, and based on the record as a whole, including the settlement conference hearing, and for good cause,

It is hereby **ORDERED** that the settlement is **APPROVED** subject to the terms set forth below:

i. The gross settlement in this case is $600,000;

ii. $240,000 of the gross settlement must be paid as attorney's fees to plaintiffs' counsel;

iii. $41,334.89 of the gross settlement must be paid to plaintiffs' counsel as reimbursement for the costs incurred by plaintiffs' counsel;

iv. $25,553.30 of the gross settlement must be paid to Dorothy and Paul Spiotta as reimbursement for the costs incurred by the plaintiffs themselves;

v. $6,524 of the gross settlement must be paid by plaintiffs' counsel to satisfy the subrogation claim under the ERISA health insurance plan;

vi. Of the remaining $286,588.81, $95,529.60 must be paid to K.S.'s parents, and $191,059.21 must be paid to K.S.'s parents in trust for K.S.;

vii. $3,050 must be disbursed from K.S.'s share of the net settlement as a fee to the

---

appropriate account in the names of Dorothy and Paul Spiotta for the benefit of K.S. until she graduates from college or reaches the age of 23, whichever occurs first;

ii. That a maximum amount of $50,000 be used for K.S.'s expenses relating to her attending college to the extent such expenses are not covered by the Virginia 529 Savings Plan established by her parents;

iii. That a maximum of $7,000 be spent for a car for K.S.; and

iv. That in the event that Dorothy and Paul Spiotta should die or become incapacitated, K.S.'s net settlement funds be managed consistent with these recommendations by the same individual named trustee over K.S.'s minor trust, until K.S. graduates from college or reaches the age of 23, whichever occurs first.

        guardian *ad litem*, leaving K.S. with a net settlement of $188,009.21;

viii. Until K.S. reaches the age of majority, her net settlement proceeds must be held by her parents in a risk-free, fully insured bank account, money market account, or similar account in the names of Dorothy and Paul Spiotta for the benefit of K.S.;

ix. The funds must be used only for the following expenses while K.S. is a minor,[4] and only up to a maximum of the amounts specified: (a) $30,000 for private school tuition and supplies, (b) $3,500 for school and church-related travel, (c) $2,000 for musical instruments, and (d) $7,000 for music lessons; and

x. In the event that they should die or become incapacitated before K.S. reaches the age of majority, Dorothy and Paul Spiotta must prepare a trust for K.S. for the management of her net settlement funds consistent with this Order.

It is further **ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

In the event that there is any violation or deviation from the strictures of this order, the Court should be promptly notified, and any party may file for an order to show cause why the violating party should not be held in contempt.

The Clerk is directed to send a copy of this Order to all counsel of record, to place this matter among the ended causes, and to place this Order under seal pending further order of the

---

[4] As noted *supra*, it is unnecessary to order particular conditions concerning disposition of K.S.'s funds when she reaches majority. Although the guardian *ad litem*'s recommendations in this regard appear to be sensible and reasonable, and K.S. and her parents may choose privately to adopt them, they do not require judicial review or approval. Va. Code § 8.01-424(E) (court may approve the manner in which settlement proceeds are held in trust for the benefit of a minor until the minor reaches the age of majority).

court.

Alexandria, Virginia
August 26, 2010

/s/
_____
T. S. Ellis, III
United States District Judge

court.

Alexandria, Virginia
August 26, 2010

/s/
_____
T. S. Ellis, III
United States District Judge